**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ONE BARBERRY REAL ESTATE )<br>HOLDING, LLC and )<br>FARM RIVER ROCK, LLC, )<br>           Plaintiffs )<br> )<br>v. )<br> )<br> )<br>JOSEPH MATURO, JR.; )<br>MARK NIMONS; CHRISTOPHER )<br>SOTO; and MICHAEL MILICI, )<br>           Defendants ) | Civil Action No. _____<br><br><br>June 15, 2017 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Mark Nimons and Christopher Soto hereby remove this action from the Superior Court of the State of Connecticut to the United States District Court for the District of Connecticut. Removal is proper as this Court has original subject matter jurisdiction over the removed action as an action arising under the Constitution, laws, or treaties of the United States, pursuant to 28 U.S.C. § 1331.[1]

1. An action was commenced against Defendants, among others, in the Superior Court of the State of Connecticut in and for the Judicial District of Tolland at Rockville entitled *One Barberry Real Estate Holding LLC, et al. v. Joseph Maturo, Jr., et al.*, Dkt. No. TTD-CV17-6012470 and bearing the

---

[1] Federal district courts also have original jurisdiction over civil actions "[t]o recover damages for injury to his . . . property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in [42 U.S.C. § 1985]" and/or "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . ." 28 U.S.C. § 1343(a)(1), (3).

return date June 6, 2017 (the "State Court Action"). No other process, pleadings, or orders have been served upon Defendants in connection with the State Court Action.

2. The summons and complaint in the State Court Action (attached hereto as **Exhibit A**) are dated May 16, 2017 and said process was served by a state marshal on both Defendants via in-hand service on May 19, 2017. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1).

3. Upon information and belief, the undersigned represents that all defendants consent to the removal of this action, as required by 28 U.S.C. § 1446(b)(2)(A).

4. Plaintiff One Barberry Real Estate Holding LLC purports to own property located at 1 Barberry Road, East Haven, CT. Plaintiff Farm River Rock, LLC allegedly leases that property and operates a quarry there.

5. Plaintiffs allege that "East Haven[, Connecticut] town officials conspired to destroy" this "quarry business". The Complaint is brought against Joseph Maturo, Jr., the Mayor of the Town of East Haven; Mark Nimons, the Town's Fire Marshal; Michael Milici, the Town's Tax Assessor; and Christopher Soto, the Town's Zoning Enforcement Officer.

6. The Complaint raises claims under 42 U.S.C. §§ 1983 and 1985(3) (the "Federal Claims"), alleging violations of federal law and/or the United States Constitution. Therefore, the United States District Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331, and the case is removable, pursuant to 28 U.S.C. § 1441(a). The District Court also has

original jurisdiction pursuant to 28 U.S.C. § 1343, an additional basis for this case's removability under section 1331.

7. The Complaint also raises other claims alleging civil conspiracy; intentional conduct; violations of the Restatement (Second) of Torts §§ 870 and 871; a violation of Conn. Gen. Stat. § 52-564; conversion; intentional interference with contractual relationships; intentional interference with prospective business relationships; and a violation of Conn. Gen. Stat. §§ 42-110a, *et seq.* ("CUTPA") along with a request for injunctive relief (collectively, the "Supplemental Claims"). The Supplemental Claims arise out of the same underlying facts and events and involve the same parties. They are therefore so related to the Federal Claims that they form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court may properly exercise supplemental jurisdiction over the Supplemental Claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper pursuant to 28 U.S.C. § 1391, because the events giving rise to Plaintiffs' claims all purportedly occurred within the State of Connecticut, the property at issue is located in Connecticut, and all parties are subject to personal jurisdiction in Connecticut.

9. Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice to the Superior Court of the State of Connecticut and all adverse parties of the filing of this removal. A true and correct copy of the Notice of Removal filed in state court (without exhibits) is attached hereto as **Exhibit B**.

WHEREFORE, based upon the foregoing, the undersigned Defendants respectfully request that the State Court Action be removed to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. §§ 1441(a) and 1446.

                                    DEFENDANTS
                                    MARK NIMONS and
                                    CHRISTOPHER SOTO

By:     /s/ James E. Ringold
         John F. Conway (ct04763)
         James E. Ringold (ct29536)
         Loughlin FitzGerald, P. C.
         150 South Main Street
         Wallingford, CT 06492
         Phone:    203-265-2035
         Fax:       203-269-3487
         Email:     jconway@lflaw.com,
                         jringold@lflaw.com

## **CERTIFICATE OF SERVICE**

I certify that on June 15, 2017 the foregoing was filed through the Electronic Case Filing System of the United States District Court for the District of Connecticut and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

The undersigned further certifies that he has sent copies of the foregoing via electronic mail to the following counsel of record in the state-court action.

Kirk Tavtigian, Esq.
Law Offices of Kirk Tavtigian, LLC
P.O. Box 417
Avon, CT 06001
**VIA EMAIL:** ktavtigian@aol.com

Walter Joseph Hope, Esq.
Alter & Pearson LLC
701 Hebron Avenue
P.O. Box 1530
Glastonbury, CT 06033
**VIA EMAIL:** jhope@alterpearson.com

Lawrence C. Sgrignari, Esq.
Gesmonde Pietrosimone & Sgrignari LLC
3127 Whitney Avenue
Hamden, CT 06518
**VIA EMAIL:** lsgrignari@gpsp.com

/s/ James E. Ringold
_____
James E. Ringold