# SUMMONS - CIVIL

JD-CV-1  Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**See other side for instructions**

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



☐ "X" if amount, legal interest or property in demand, not including interest and
costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and
costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| **69 Brooklyn Street, Rockville, CT 06066** | ( **860** ) **896-4920** | June | 6 | 2 0 1 7 |
| | | Month | Day | Year |

| ☒ Judicial District | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | | **Rockville** | Major: **T**   Minor: **90** |

## For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| **Law Offices of Kirk Tavtigian, LLC, P.O. Box 417, Avon, CT 06001** | **414077** |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( **860** ) **690-4430** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* **ktavtigian@aol.com** |
|---|---|---|

| Number of Plaintiffs: **2** | Number of Defendants: **4** | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: **One Barberry Real Estate Holding LLC** <br> Address: **171 TOLLAND TURNPIKE, WILLINGTON, CT, 06279** | P-01 |
| Additional Plaintiff | Name: **FARM RIVER ROCK, LLC** <br> Address: **PO BOX 535, WILLINGTON, CT, 06279** | P-02 |
| First Defendant | Name: **Joseph Maturo, Jr.** <br> Address: **315 North High Street, East Haven, CT 06512** | D-01 |
| Additional Defendant | Name: **Mark Nimons** <br> Address: **39 Elizabeth Street, Ansonia, CT 06401** | D-02 |
| Additional Defendant | Name: **Christopher Soto** <br> Address: **543 Woodward Avenue, Apt. 3, New Haven, CT 06512** | D-03 |
| Additional Defendant | Name: **Michael Milici** <br> Address: **31 Parish Farm Road, Branford, CT 06405** | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> **Kirk Tavtigian** | Date signed <br> **05/16/2017** |
|---|---|---|---|

| If this Summons is signed by a Clerk: <br> a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only <br> File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE: JUNE 6, 2017          :          SUPERIOR COURT
ONE BARBERRY REAL ESTATE
HOLDING LLC and
FARM RIVER ROCK, LLC

                                             :          JUDICIAL DISTRICT OF
                                                   TOLLAND

VS.          :          AT ROCKVILLE

JOSEPH MATURO, JR., MARK NIMONS,
CHRISTOPHER SOTO and MICHAEL
MILICI          :          MAY 16, 2017

## COMPLAINT

## FIRST COUNT (VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983)

1.     **SUMMARY: This case is about an egregious abuse and manipulation of government power. East Haven town officials conspired to destroy plaintiffs' multimillion dollar quarry business because the Mayor personally decided to shut down and terminate plaintiffs' grandfathered legal right to operate a quarry in town.**

Plaintiff One Barberry Real Estate Holding LLC owns real property located at 1 Barberry Road, East Haven, Connecticut ("Property"). Plaintiff Farm River Rock, LLC leases and operates a quarry, earth product excavation, stone-crushing and stone product manufacturing operation ("Quarry") at the Property.

On November 10, 2014, the Town of East Haven issued a decision, which became final, permanent, and irrevocable after publication, determining that the operation of the Quarry at the Property was a legally existing non-conforming use.

In reliance on the final decision by the Town of East Haven, plaintiff One Barberry Real Estate Holding, LLC purchased the Property, and plaintiff Farm River Rock, LLC continued and expanded its Quarry operation at the Property.

1

Plaintiffs expended millions of dollars in out of pocket costs and incurred substantial indebtedness in order to acquire, upgrade, and improve the Property and Quarry, and to invest in quarry manufacturing equipment.

The defendant Joseph Maturo, Jr. ("Maturo") is the Mayor of East Haven.

The defendant Maturo has stated and admitted that after several years of uninterrupted operation of which he and other town officials were aware, he decided to permanently shut down and terminate the Quarry, despite the fact that the Quarry is a legally existing non-conforming use.

The defendant Maturo decided to permanently shut down and terminate the Quarry based on political favoritism and for his own personal political benefit and gain.

In order to accomplish his goal, the defendant Maturo has undertaken to destroy plaintiffs' business through his abuse and manipulation of governmental power by illegally, unfairly, and aggressively regulating plaintiffs' business by directing various town officials to do whatever it would take to shut it down.

In order to accomplish his goal, the defendant Maturo has engaged in a conspiracy with the other defendants to illegally destroy plaintiffs' business.

As a result of defendants' actions, plaintiffs have been involuntarily forced to cease business operations at the Property and lay off their experienced workforce.

As a result of defendants' actions, plaintiffs have incurred and will incur losses well in excess of $25,000,000.

This action seeks to recover from defendant Maturo and his defendant co-conspirators compensatory damages in excess of $25,000,000, as well as treble damages, punitive damages, and attorney's fees.

2

2.    Plaintiff One Barberry Real Estate Holding LLC is a limited liability company duly organized under the laws of the State of Connecticut, with a business address in Willington, Connecticut.

3.    Plaintiff Farm River Rock, LLC is a limited liability company duly organized under the laws of the State of Connecticut, with an address in Willington, Connecticut.

4.    One Barberry Real Estate Holding LLC owns real property located at 1 Barberry Road, East Haven, Connecticut ("Property").

5.    Farm River Rock, LLC leases and operates a quarry, earth product excavation, stone-crushing and stone product manufacturing operation (hereinafter "Quarry") at the Property.

6.    Defendant Joseph Maturo, Jr. is and has at all relevant times been the Mayor of the Town of East Haven.  Defendant Maturo is being sued herein in his individual and personal capacity, he has engaged in actions that are outside the scope of his authority as Mayor, and he is not being sued herein in his official capacity.

7.    Defendant Mark Nimons is and has at all relevant times been the Fire Marshal of the Town of East Haven.  Defendant Nimons is being sued herein in his individual and personal capacity, he has engaged in actions that are outside the scope of his authority, and he is not being sued herein in his official capacity.

8.    Defendant Michael Milici is and has at all relevant times been the Tax Assessor of the Town of East Haven.  Defendant Milici is being sued herein in his individual and personal capacity, he has engaged in actions that are outside the scope of his authority, and he is not being sued herein in his official capacity.

9.    Defendant Christopher Soto is and has at all relevant times been the Zoning Enforcement Officer of the Town of East Haven. Defendant Soto is being sued herein in his individual and personal

capacity, he has engaged in actions that are outside the scope of his authority, and he is not being sued herein in his official capacity.

10.     In January of 2013, Farm River Rock, LLC entered into a lease with the prior owner of the Property, What TF, LLC, to assume the operation of the existing Quarry.

11.     Since January of 2013, Farm River Rock, LLC has continuously operated the Quarry with the full knowledge of the officials of the Town of East Haven, including defendants, to wit: a) in excess of three dozen blasting permits have been issued by the Town of East Haven Fire Marshal; b) more than 28,000 loads of manufactured earth material have been trucked from the site; c) the tax assessor issued a valuation of the manufacturing equipment located at the Quarry; d) plaintiffs and plaintiffs' predecessors sought written confirmation of the status of the Quarry as a legally existing non- conforming use and had multiple meetings with town officials in that regard; e) Plaintiffs incurred significant costs making changes to the Property at the request of Town officials who repeatedly assured plaintiffs' representatives that the Town had no intention of trying to "shut down" the Quarry.

12.     On November 10, 2014, the Town of East Haven issued a decision, which became final, permanent, and irrevocable after publication, determining that the operation of the Quarry at the Property was a legally existing non-conforming use.

13.     Immediately after and as a result of the November 10, 2014 decision, defendant Milici, recognizing that the Property was a legally existing non-conforming Quarry, significantly increased the assessed value of the Property for purposes of taxation. The real property tax went from $46.47 to $18,059.22 per year.

14.     The Town of East Haven intended to and did induce the previous owner of the Property, the successors and assigns of the previous owner of the Property, and plaintiffs to rely on the aforementioned decision.

15.     In reliance on the November 10, 2014 decision by the Town of East Haven, plaintiff One Barberry Real Estate Holding, LLC purchased the Property, and plaintiff Farm River Rock, LLC continued to operate and expanded its operations at the Quarry.

16.     In reliance on the November 10, 2014 decision by the Town of East Haven, plaintiffs expended millions of dollars in out of pocket costs and incurred substantial indebtedness in order to acquire, upgrade, and improve the Property and Quarry, and to invest in quarry manufacturing equipment, and have also entered into multiple contracts and incurred obligations to provide over a million tons of material expected to be mined and processed at the Quarry.

17.     As a result of plaintiffs' detrimental reliance on the November 10, 2014 decision of the Town of East Haven determining that the operation of the Quarry at the Property was a legally existing non-conforming use, the Town of East Haven is estopped from ignoring, repudiating, and acting contrary to the November 10, 2014 decision.

18.     As a result of the November 10, 2014 decision of the Town of East Haven determining that the operation of the Quarry at the Property was a legally existing non-conforming use, the Town of East Haven has no discretion to prevent and prohibit plaintiffs from operating the Quarry at the Property.

19.     The defendant Maturo has stated and admitted that he decided to permanently shut down and terminate the Quarry at the Property despite the fact that, as the Town of East Haven previously determined, the Quarry operation at the Property is a legally existing non-conforming use.

20.   The defendant Maturo decided to permanently shut down and terminate the Quarry based on political favoritism and for his own personal political benefit and gain.

21.   In order to accomplish his goal, the defendant Maturo has undertaken to destroy plaintiffs' business through his abuse and manipulation of governmental power by illegally, unfairly, and aggressively regulating plaintiffs' business by directing various town officials to do whatever it would take to shut it down.

22.   In order to accomplish his goal, the defendant Maturo has engaged in a conspiracy with the other defendants to improperly utilize the police powers of the Town to retaliate against plaintiffs and to illegally destroy plaintiffs' business.

23.   In April, 2016, Farm River Rock, LLC appealed the Town of East Haven's October, 2015 personal property tax assessment of Farm River Rock, LLC's machinery and equipment, because the Town had rejected plaintiff's submittal of evidence of a statutory manufacturing exemption.

24.   The basis for the tax appeal was that the Town of East Haven had improperly taxed machinery and equipment that was exempt from taxation as a matter of state law.

25.   After a pre-trial conference with State Referee Levine, the parties settled the tax appeal.

26.   Pursuant to the settlement, the Town of East Haven agreed and acknowledged that the machinery and equipment utilized at the Quarry was exempt from taxation.

27.   Pursuant to the settlement of the tax appeal, the Town of East Haven also agreed to refund taxes paid by Farm River Rock, LLC on the exempt machinery and equipment.

28.   Defendant Milici was among the representatives of the Town of East Haven who negotiated the settlement of the tax appeal.

29.   Shortly after the settlement of the personal property tax appeal, the tax assessor, defendant Milici, without providing notice to plaintiffs, once again substantially increased the tax

assessment and increased by 299% the assessed value of the real property at 1 Barberry Road on the basis of its use as a Quarry.  Milici increased the assessed value by 299% even though the Property's use as a Quarry had been in existence for a long period of time, and even though two years prior Milici had increased the real property tax from $46.47 to $18,059.22 per year.

30.   Defendant Milici increased the assessed value of 1 Barberry Road by 299% willfully, wantonly, maliciously and in bad faith and in order to retaliate for plaintiff's successful appeal of the personal property tax assessment.

31.   Defendant Milici increased the assessed value of 1 Barberry Road by 299% pursuant to the instruction of the defendant Maturo.

32.   Defendant Milici conspired with defendant Maturo in increasing the assessed value of 1 Barberry Road by 299% willfully, wantonly, maliciously and in bad faith and in order to retaliate against plaintiffs

33.   In the past few months, defendant Soto has issued multiple cease and desist orders instructing plaintiffs to cease operations at the Property, stating that their Quarry operation is illegal and in violation of zoning ordinances. Soto has issued these orders despite the fact that he has admitted that the Town's permanent November 10, 2014 decision is valid and binding on the Town.

34.   Each cease and desist order issued includes a directive to apply for a permit under Section 31 of the East Haven zoning regulations.  Section 31 excludes quarry operations by its very requirements.  Since Section 31 does not apply to the Quarry, the directive to apply for a permit under Section 31 is intentionally misleading and designed to circumvent the status of the Quarry as a legally existing non-conforming use.

35.   The most recent cease and desist order was issued immediately after the Town of East Haven was served with plaintiffs' appeal of the recent, second significant real property tax increase.

36. In issuing the cease and desist orders, Soto has willfully, wantonly, maliciously, and in bad faith refused to acknowledge and recognize and has acted contrary to the permanent November 10, 2014 decision of the Town of East Haven that the Quarry operation at the Property is operating as a legally existing non-conforming use. The cease and desist orders, which state that the Quarry is operating illegally and in violation of the East Haven zoning regulations, are directly contrary to and contradict the permanent November 10, 2014 decision.

37. Pursuant to the instruction of the defendant Maturo, defendant Soto has issued the cease and desist orders and has refused to acknowledge and recognize and has acted contrary to the permanent November 10, 2014 decision of the Town of East Haven that the Quarry at the Property is operating as a legally existing non-conforming use.

38. Defendant Soto conspired with defendant Maturo in issuing the cease and desist orders and in willfully, wantonly, maliciously, and in bad faith refusing to acknowledge and recognize and acting contrary to the permanent November 10, 2014 decision of the Town of East Haven that the Quarry at the Property is operating as a legally existing non-conforming use.

39. In order for the Quarry operation to continue, blasting permits must be periodically obtained from the Town of East Haven Fire Marshal acting as an agent of the State of Connecticut. Without a continuous series of blasting permits, Farm River Rock, LLC cannot operate the Quarry.

40. Defendant Nimons, as the Fire Marshal acting as an agent of the State of Connecticut, is responsible for issuing blasting permits within the Town of East Haven and has issued over three dozen blasting permits for the Quarry since January 2013.

41.     Defendant Nimons, at the direction of defendant Maturo, has enforced an arbitrary limitation as to the Quarry, contrary to any industry standard, limiting the duration of blasting permits to one particular day for each permit.

42.     For a two month period prior to the most recent municipal election in 2015, defendant Nimons, acting upon instruction from defendant Maturo, refused to issue blasting permits to Farm River Rock, LLC's licensed, insured subcontractor until after the election had concluded, in order to benefit defendant Maturo politically.

43.     Defendant Nimons has rejected Farm River Rock, LLC's licensed, insured, subcontractor's recent application for a blasting permit.

44.     Defendant Nimons rejected the most recent blasting permit application immediately after the Town of East Haven was served with plaintiffs' appeal of the recent significant real property tax increase.

45.     Defendant Nimons has stated that the reason for rejection of the blasting permit is defendant Maturo's decision to permanently shut down and terminate plaintiffs' Quarry.

46.     There was no legitimate basis for defendant Nimons to reject Farm River Rock, LLC's licensed, insured subcontractor's application for a blasting permit, and defendant Nimons acted willfully, wantonly, maliciously, and in bad faith in denying the application.

47.     Despite the fact that he is acting as an agent of the State of Connecticut, defendant Nimons rejected Farm River Rock, LLC's licensed, insured subcontractor's application for a blasting permit pursuant to the instruction of the defendant Maturo.

48.     Despite the fact that the Mayor has no standing or statutory authority in the issuance of blasting permits, defendant Nimons has admitted to plaintiffs that he was prohibited from issuing blasting permits for plaintiffs without the approval of the Mayor's office.

49.    Defendant Nimons conspired with defendant Maturo in willfully, wantonly, maliciously, and in bad faith rejecting Farm River Rock, LLC's licensed, insured subcontractor's application for a blasting permit.

50.    The defendants, in bad faith and with the specific intent of harming and retaliating against plaintiffs, have intentionally, willfully, wantonly, and maliciously ignored and acted contrary to the permanent November 10, 2014 decision determining that the operation of the Quarry at the Property was a legally existing non-conforming use.

51.    The foregoing actions of defendants were intentional, wanton, and malicious, and were undertaken with the specific intent of harming plaintiffs' business operation and livelihood.

52.    In order to preserve their rights, plaintiffs have preserved their administrative remedies, but in light of defendant Maturo's order to town officials to shut down and terminate the Quarry, and in light of the deferential standard of review, plaintiffs' pursuit of their administrative remedies is and will be futile and useless and the remedies are inadequate.

53.    As a result of the foregoing actions of the defendants, plaintiffs have been involuntarily forced to cease business operations at the Property and layoff their experienced workforce, although plaintiffs have not abandoned and do not intend to abandon the legally existing non-conforming use of the Property for a Quarry.

54.    The foregoing actions of defendants were undertaken as official policy decisions and customs, plans, programs, and practices of the Town of East Haven.

55.    The defendants are persons who under color of state law have intentionally deprived the plaintiffs of their rights under federal law, in violation of 42 U.S.C. § 1983.

56.    Defendants' actions violate the Constitution of the United States, including but not limited to Article I Section 8 Clause 3, Article I Section 10 Clause 1, the First, Fifth and Fourteenth

Amendments, equal protection, due process of law, takings, constitutional rights, 42 U.S.C. §§

1983 and 1988, and the Constitution and laws of the State of Connecticut.

57.    The actions of defendants violate the dormant, negative commerce clause of Article I, Section 8

Clause 3 of the Constitution of the United States by improperly burdening and discriminating

against plaintiffs' ability to engage in interstate commerce.

58.    The defendants' actions constitute a bill of attainder in violation of Article I, Section 10 Clause 1

of the Constitution of the United States by punishing plaintiffs without a judicial trial.

59.    As a result of their actions, defendants have violated plaintiffs' First Amendment rights by

retaliating for plaintiffs' successful personal property tax appeal.

60.    As a result of their actions, defendants have violated plaintiffs' First Amendment rights by

retaliating for plaintiffs' filing of its real property tax appeal.

61.    As a result of their actions, defendants have violated plaintiffs' Fourteenth Amendment

substantive due process rights by intentional harming plaintiffs through retaliatory, arbitrary, and

egregious abuses of governmental power which shock the conscience and by depriving plaintiffs

of their clear entitlement to continue the Quarry operation at the Property.

62.    As a result of their actions, defendants have violated plaintiffs' Fourteenth Amendment rights by

depriving plaintiffs of their liberty and property without due process of law and by depriving

plaintiffs of their clear entitlement to continue the Quarry operation at the Property.

63.    As a result of their actions, defendants have violated plaintiffs' Fourteenth Amendment rights by

depriving plaintiffs of equal protection of the laws, in that plaintiffs, compared with others

similarly situated, have been selectively treated, and such selective treatment was based on

malicious and bad faith intent to injure plaintiffs.

64. As a result of their actions, defendants have violated plaintiffs' Fourteenth Amendment rights by intentionally destroying plaintiffs' business.

65. As a result of their actions, defendants have violated plaintiffs' Fourteenth Amendment rights by taking plaintiffs' property without due process of law.

66. As a result of their actions, defendants have violated plaintiffs' Fifth and Fourteenth Amendment rights by taking plaintiffs' property without providing just compensation.

67. As a result of the foregoing actions of defendants, plaintiffs have incurred and will incur losses and damages well in excess of $25,000,000.

## SECOND COUNT (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS, 42 U.S.C. § 1985(3))

1. Paragraphs 1 through 67 of the First Count are incorporated as paragraphs 1 through 67 of this Count.

68. The defendants intentionally, wantonly, and maliciously undertook to and did conspire with and among each other to interfere with plaintiffs' civil rights by destroying plaintiffs' business as aforesaid, and acting with the specific intent of harming plaintiffs, and thereby to deprive plaintiffs of the equal enjoyment of rights secured by law.

## THIRD COUNT (CIVIL CONSPIRACY)

1. Paragraphs 1 through 67 of the First Count are incorporated as paragraphs 1 through 67 of this Count.

68. The defendants intentionally, wantonly, and maliciously undertook to and did conspire with and among each other to destroy plaintiffs' business as aforesaid, and acted with the specific intent of harming plaintiffs.

## FOURTH COUNT (INTENTIONAL, WILLFUL AND MALICIOUS CONDUCT)

12

1.    Paragraphs 1 through 68 of the Third Count are incorporated as paragraphs 1 through 68 of this Count.

69.    Defendants are liable for intentionally, willfully, and maliciously causing harm to plaintiffs and to plaintiffs' property interests.

## FIFTH COUNT (PRIMA FACIE TORT, LIABILITY FOR INTENDED CONSEQUENCES, RESTATEMENT (SECOND) TORTS § 870)

1.    Paragraphs 1 through 68 of the Third Count are incorporated as paragraphs 1 through 68 of this Count.

69.    Pursuant to the principles of prima facie tort set forth in Restatement (Second) Torts § 870, defendants are liable for intentionally causing injury to plaintiffs.

## SIXTH COUNT (PRIMA FACIE TORT, LIABILITY FOR INTENTIONAL HARM TO PROPERTY INTERESTS, RESTATEMENT (SECOND) TORTS § 871)

1.    Paragraphs 1 through 68 of the Third Count are incorporated as paragraphs 1 through 68 of this Count.

69.    Pursuant to the principles of prima facie tort set forth in Restatement (Second) Torts § 871, defendants are liable for intentionally causing harm to plaintiffs' property interests.

## SEVENTH COUNT (STATUTORY THEFT, CONN. GEN. STAT. § 52-564)

1.    Paragraphs 1 through 68 of the Third Count are incorporated as paragraphs 1 through 68 of this Count.

69.    Defendants acted with reckless indifference to the rights of plaintiffs and engaged in an intentional and wanton violation of those rights.

70.    Defendants intended to deprive plaintiffs of their property and have wrongfully taken and appropriated plaintiffs' property without any compensation to plaintiffs.

71.    Defendants are liable for statutory theft pursuant to Conn. Gen. Stat. § 52-564.

13

## EIGHTH COUNT (CONVERSION)

1.      Paragraphs 1 through 68 of the Third Count are incorporated as paragraphs 1 through 68 of this Count.

69.     Defendants are liable for conversion.

## NINTH COUNT (INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS)

1.      Paragraphs 1 through 68 of the Third Count are incorporated as paragraphs 1 through 68 of this Count.

69.     By the aforementioned actions, defendants intended to interfere and have interfered with plaintiffs' contractual relationships, which defendants were aware of.

70.     Defendants' interferences with plaintiffs' contractual relationships were tortious.

71.     As a direct and proximate result of the aforementioned tortious conduct, the plaintiffs have been injured in their business and claim damages.

## TENTH COUNT (INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS)

1.      Paragraphs 1 through 68 of the Third Count are incorporated as paragraphs 1 through 68 of this Count.

69.     By the aforementioned actions, defendants intended to interfere and have interfered with plaintiffs' prospective business relationships, which defendants were aware of.

70.     Defendants' interferences with plaintiffs' prospective business relationships were tortious.

71.     As a direct and proximate result of the aforementioned tortious conduct, the plaintiffs have been injured in their business and claim damages.

## ELEVENTH COUNT (CUTPA)

1.      Paragraphs 1 through 68 of the Third Count, paragraph 69 of the Fourth, Fifth and Sixth Counts,
        paragraphs 69 through 71 of the Seventh Count, paragraph 69 of the Eighth Count, and
        paragraphs 69 through 71 of the Ninth and Tenth Counts are incorporated as paragraphs 1
        through 81 of this Count.

82.     The aforesaid conduct of defendants violates the provisions of the Connecticut Unfair Trade
        Practices Act, Conn. Gen. Stat. §§ 42-110a, et seq.

83.     As a direct and proximate result of the aforementioned conduct plaintiffs have been injured in
        their business and have suffered an ascertainable loss of money or property.

## TWELFTH COUNT (INJUNCTIVE RELIEF)

1.      Paragraphs 1 through 66 of the First Count are incorporated as paragraphs 1 through 66 of this
        Count.

67.     Plaintiffs have suffered and will continue to suffer irreparable harm with no adequate remedy at
        law.

        WHEREFORE, plaintiffs claim:

1.   Damages in excess of $25,000,000.

2.   Punitive Damages;

3.   Treble damages pursuant to C.G.S. § 52-564;

4.   Damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988.

5.   Restitution.

6.   All damages, punitive damages, treble damages, attorney's fees, interest, costs, and penalties, and
     injunctive relief under the Connecticut Unfair Trade Practices Act, C. G. S. §§ 42-110a, et seq.;

7.   Costs, prejudgment and post-judgment interest, and attorney's fees.

8. A temporary and permanent injunction prohibiting, enjoining and restraining the Defendants and their agents, representatives, employees, successors and assigns, and all persons in concert, combination, or participation with any of them or acting through or under them, from acting contrary to the permanent November 10, 2014 decision determining that the operation of the Quarry, at the Property was a legally existing non-conforming use.

9. A temporary and permanent injunction enjoining and ordering the Defendants and their agents, representatives, employees, successors and assigns, and all persons in concert, combination, or participation with any of them or acting through or under them, to acknowledge and recognize the validity of the permanent November 10, 2014 decision determining that the operation of the Quarry at the Property was a legally existing non-conforming use, and to allow Quarry operations to resume, including but not limited to excavation, grading or removal of topsoil, clay, sand, gravel, stone or other natural material; or slashing of trees, or filling of land by blasting, or by use of power assisted machinery, or equipment.

10. A temporary and permanent injunction prohibiting, enjoining and restraining the Defendants and their agents, representatives, employees, successors and assigns, and all persons in concert, combination, or participation with any of them or acting through or under them, from further violating plaintiffs' constitutional and civil rights by illegally interfering with or attempting to interfere with or harm plaintiffs' business or property.

11. Such other further legal or equitable relief the Court deems appropriate.

Dated at Avon, Connecticut, this 16th day of May, 2017.

> PLAINTIFFS
>
> By _____
>
>     Kirk D. Tavtigian, Jr.
>     Law Offices of
>     Kirk D. Tavtigian, LLC

16

P.O. Box 417
Avon, CT 06001-0417
(860) 690-4430
(860) 606-9888 fax
Juris No. 414077
Commissioner of the Superior Court