## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONE BARBERRY REAL ESTATE HOLDING LLC ET AL., | |
| Plaintiffs, | Case No.: 3:17-cv-00985-SVN |
| v. | |
| JOSEPH MATURO ET AL., | |
| Defendants. | January 27, 2025 |

## <u>JOINT STATUS REPORT</u>

The parties submit this joint status report in response to the Court's order of January 23, 2025 (D.E. 397).

At the outset, while the Parties regret any miscommunication with the Court, neither Party believes that the other—or counsel for the other—has acted improperly or with any deceitful intent. The Parties remain optimistic that a final agreement will be executed in the near future. The Parties likewise agree that the motions that were pending on January 13th should be restored to the Court's docket pending the filing of a stipulation or other joint filing reporting the case settled.

The Parties have been actively engaged in productive settlement discussions since December 2024. On January 13, 2025, the Parties reached agreement on both a payment amount and a payment date,

subject to a final settlement agreement. The Town has since begun the approval process for making the payment in accordance with the East Haven Town Charter. The Parties are now working to finalize and formalize the remaining details of a settlement agreement and release. These discussions have been conducted by the Town of East Haven's Town Counsel, Michael Luzzi, on behalf of Defendants, and Attorney Peter Alter, on behalf of Plaintiffs. Neither Attorney Luzzi nor Attorney Alter have appearances in the case.

By the week of January 6, 2025, the Parties' settlement discussions had advanced to the point where it appeared to both sides that an agreement would imminently be reached. Thus, on January 10, 2025, Plaintiffs filed (with Defendants' consent) a status report with the Court indicating that "[t]he parties are engaging in serious negotiations to resolve this case in its entirety" and requesting that the Court "defer ruling on all pending motions until" January 17th. D.E. 395.

On January 13th, the Parties—through Attorneys Luzzi and Alter—reached a settlement in principle pending the final execution of a settlement agreement. Although the Parties had not yet worked out all of the details of a settlement agreement and release, Attorney Alter sent

a text message to Attorney Luzzi suggesting that the Town's outside counsel, Milano & Wanat LLC, prepare a joint filing to inform the Court "that a settlement in principle has been reached pending the final execution of a settlement agreement" and "requesting that all matters pending be held in abeyance until the parties can complete the settlement." Attorney Luzzi later asked Attorney Alter if it would be "okay if Wanat's office calls the court to tell them something is on the way," emphasizing that he didn't "want to make an ex-parte call without permission." Attorney Alter approved that suggestion. Attorney Luzzi informed Attorney Chris Wanat of the agreement and Attorney Wanat asked his associate, Claire McNamara, who has an appearance in the case, to call the Court. Attorney McNamara was not provided any other information other than that the case was settled and that Plaintiffs had agreed she could notify the Court.

The Parties believe a miscommunication occurred between the time when Attorneys Luzzi and Alter agreed to contact the Court and when Attorney McNamara left a voicemail with the Court. The Parties agree that this miscommunication was not intentional. That said, Attorney Luzzi takes full responsibility for any confusion resulting from his

communication regarding the resolution to Milano & Wanat, LLC, as well as the subsequent communication to the Court. Attorneys Luzzi and Alter are confident that there was no intent to mislead or deceive either the Court or the other Party at any time.

The Parties agree, moreover, that a settlement in principle *has* been reached and are continuing to iron out the details of a final settlement agreement. The remaining areas of negotiation concern the precise scope of a joint release and the manner in which the case will be disposed on the docket. The discussion of those details has been delayed in part because Plaintiffs would like Attorney Kirk Tavtigian to finally resolve finer points of the agreement with Attorney Tadhg Dooley, on behalf of Defendants. Attorney Tavtigian is currently out of the country on a long-scheduled vacation.

In sum, the Parties regret any miscommunication with the Court, but remain optimistic that a final settlement agreement will be executed soon. The Parties agree that any future communication with the Court regarding a settlement will be made jointly and in writing.

Respectfully submitted,

**DEFENDANTS
JOSEPH MATURO, JR.,
CHRISTOPHER SOTO, AND
TOWN OF EAST HAVEN**

*/s/ Tadhg Dooley*
Tadhg Dooley (ct29364)
Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06510
203-498-4549
tdooley@wiggin.com

*Attorney for Defendants*

**PLAINTIFFS ONE BARBERRY
REAL ESTATE HOLDING LLC,
FARM RIVER ROCK LLC, and
JOHN PATTON**

*/s/ Kirk D. Tavtigian, Jr.*
Kirk. D. Tavtigian, Jr.(ct05460)
Law Offices of Kirk D. Tavtigian, LLC
P.O. Box 417
Avon, CT, 06001
860-690-4430
jhope@aphlawyers.com

*Attorney for Plaintiffs*